**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TELECOM DECISION MAKERS, INC.**                                              **PLAINTIFF**

v.                            **CASE NO. 4:09mc0004 BSM**

**ACCESS INTEGRATED NETWORKS, INC.
and BIRCH COMMUNICATIONS, INC.**                                          **DEFENDANTS**

In re: 3:08cv609-S
Western District of Kentucky

**ORDER**

Plaintiff, Telecom Decision Makers, Inc. ("Telecom"), moves to compel the deposition testimony of non-party, Navigator Telecommunications, LLC ("Navigator"). [Doc. No. 17]. Navigator has responded [Doc. No. 20] and the motion is granted.

The deposition of David E. Stotelmyer ("Stotelmyer"), the Chief Financial Officer of Navigator, was taken on January 12, 2010. During Telecom's questioning of Stotelmyer, counsel for Navigator and defendant Birch Communications ("Birch") objected more than forty times and directed Stotelmyer not to answer more than ten times. Counsel for Navigator and Birch assert that the questions were outside the scope of the deposition notice or that the answer required privileged information. Telecom maintains that the questions were clearly within the scope of the deposition notice and did not violate any privilege.

The deposition notice provided that Navigator's representative would be called to testify regarding:

> 1) Whether the sale of Navigator assets to Birch on November 18, 2008 ("the Sale") constituted a "Change of Control" pursuant to the definition in Par. 13

Case 4:09-mc-00004-BSM   Document 21   Filed 08/02/10   Page 2 of 3

>of the Confidential Sales Representative Agreement for Voice Products and Services entered into by Navigator and Telecom Decision Makers, Inc. ("TDM") on January 13, 2005;
>
>2) The assets of Navigator immediately <u>before</u> and immediately <u>after</u> the sale; and
>
>3) Whether Navigator has continued in business after the Sale.

Stotelmyer was directed not to answer questions concerning: 1) Navigator's negotiations with Birch; 2) Stotelmyer's understanding of the contract between Navigator and Birch; 3) Prior assets sales by Navigator; 4) The use of brokers during the transaction between Navigator and Birch; 5) The use of similar contract language in other Navigator sales agreements; 6) Discussions Stotelmyer had with Birch's counsel prior to the deposition; 7) Internal discussions of Navigator's decision to terminate the agreement with Telecom; 8) Navigator's loans through the Bank of Texas; 9) The valuation of assets in the transaction with Birch; 10) The profitability of lines; 11) The sell of coin lines to Birch; and 12) The possibility of the sale occurring if either Birch or Navigator had to continue to pay commissions to TDM. These questions address whether Navigator's sale of assets to Birch constituted a change of control. Further, the joint defense agreement entered into between Navigator and Birch does not afford Navigator the ability to claim attorney-client privilege with Birch's attorneys.

Accordingly, Telecom's motion to compel deposition testimony [Doc. No. 17] is granted. Navigator is directed to schedule a supplemental oral deposition of Stotelmyer. This deposition will be limited to questions Stotelmyer refused to answer on advice of counsel during his first deposition and supplemental questions prompted by Stotelmyer's

2

responses that fall within the scope of Rule 26. Due to the confidential and proprietary nature of the answers that might be provoked, the deposition will be sealed. Telecom is entitled to all reasonable expenses, including attorney's fees, caused by Navigator's failure to provide the foregoing deposition testimony, and is directed to submit a fee petition within ten days of the supplemental oral deposition. Further, Navigator's motion for reconsideration of the July 16, 2010 order denying the motion to quash is denied.

IT IS SO ORDERED this 2nd day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE